## ALEXANDER T. MIRANTE
*vs.*
## CITY OF NEW BRITAIN

Court of Common Pleas    Hartford County    File No. 43409

MEMORANDUM FILED JANUARY 13, 1944.

*George H. Hamlin,* of New Britain, for the Plaintiff.

*Harold J. Eisenberg,* of New Britain, for the Defendant.

PARMELEE, J.  The defendant City of New Britain is and was at all times hereinafter mentioned a municipal corporation organized and existing under the laws of the State of Connecticut, and is charged with the maintenance and upkeep

of the City Court of said city, including the payment of the lawful salaries and fees of all authorized persons rendering services to or for said court. The Charter of the City of New Britain, at section 7 of chapter XXXVI, provides as follows: "Either of said judges of said court may require any deputy sheriff of the county of Hartford, or any constable of the town of New Britain, to attend any session of said court and to execute the order of said court. It shall be the duty of such officer to attend such court when required, and in case of his attendance, he shall receive the same compensation as is allowed to the sheriff or deputy sheriff for Hartford county for attendance on the court of common pleas for said county."

Section 2280 of the General Statutes, Revision of 1930, provides that each deputy sheriff when attending the Court of Common Pleas shall receive seven dollars for each day of attendance. An amendment effective July 1, 1941 (Supp. [1941] §393f) increases the daily amount payable to nine dollars for each day. A further amendment (Supp. [1943] §483g) not effective, however, until June 7, 1943, provides for a further increase.

On 25 different days between October 31, 1938, and June 6, 1941, and on 29 different days between July 9, 1941 and November 23, 1942, the plaintiff, who was a constable of the Town of New Britain, was required to attend the sessions of said City Court of New Britain at the request of a judge of said City Court. For each of said 54 attendances the plaintiff received the sum of five dollars. The plaintiff brings this action to recover the difference between the per diem amount paid to and received by him and the amount provided by the Charter of the City of New Britain and the General Statutes as amended. He claims an underpayment of two dollars for each of the 25 days between October 31, 1938 and June 6, 1941, and also four dollars for each of the 29 days between July 9, 1941 and November 23, 1942 — a total of $166.

The plaintiff was a duly qualified constable and was a public official occupying a position created by law and for a definite term. (Gen. Stat. [1930] §274; Cum. Supp. [1935] §54c; Supp. [1941] §38f.) The Charter of New Britain provides, at section 1 of chapter VII, that after qualifying "he shall perform such duties as now are, or may hereafter be, imposed upon similar officers of towns by the constitution

and laws of this state." One of his duties when required by either of the judges of the City Court of New Britain was "to attend any session of said court and to execute the order of said court." (Charter of New Britain, chap. XXXVI, §7.) The plaintiff was performing services required by him as a public officer on each of the days related herein, when in attendance at the City Court of New Britain, at the request of one of the judges thereof and as such a public officer is entitled to the compensation fixed by law, which is seven dollars for each day of attendance at said court between October 31, 1938 and June 6, 1941, and nine dollars for each day of attendance between July 9, 1941 and November 23, 1942. The rule in a majority of jurisdictions holds that the right of a public officer to the compensation fixed by law for services required of him by law to be performed would not be defeated even in the event of any agreement for less compensation since such a contract would be contrary to public policy and void. Anno 70 A.L.R. 972; 118 A.L.R. 1458.

The plaintiff waived any claim for interest.

The issues are found for the plaintiff and judgment may enter for the plaintiff to recover from the defendant the sum of $166 and costs.